UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | Criminal Action No. 5: 21-123-DCR |
| Plaintiff/Respondent, | ) | and |
| | ) | Civil Action No. 5: 23-176-DCR |
| V. | ) | |
| | ) | |
| CRYSTAL GALLEGOS, | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Defendant/Movant. | ) | |

*** *** *** ***

Defendant Crystal Gallegos entered a guilty plea to one count of conspiring to commit money laundering in violation of 18 U.S.C § 1956(h).  She later received a sentence of 87-months of imprisonment.  [Record No. 125]  Gallegos subsequently filed a *pro se* motion to vacate, set aside, or correct her sentence under 18 U.S.C. § 2255 based on two claims of ineffective assistance of counsel.  [Record No. 137]  The United States responded to Gallegos' motion.  [Record No. 146]  Thereafter, Gallegos submitted correspondence seeking to voluntarily dismiss her earlier motion to vacate, set aside or correct her sentence.  [Record 147]  That letter has been docketed as a motion.  For the reasons stated below, the relief sought through both filings will be denied.

**Notice of Voluntary Dismissal**

Rule 41(a)(1)(A)(i) of the Federal Rules of Civil Procedure provides that a movant may voluntarily dismiss an earlier action without a court order by filing "a notice of dismissal *before*

-1-

the opposing party serves either an answer or a motion for summary judgment."[1] Such action is "self-effectuating," meaning dismissal should be granted without prejudice. Fed. R. Civ. P. 41(a)(1)(B). By contrast, if an opposing party has served an answer, "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." Fed. R. Civ. P. 41(a)(1)(A)(i); Fed. R. Civ. P. 41(a)(2). Thus, a movant's ability to voluntarily withdraw a Section 2255 motion is governed by Rule 41(a)(2) when the opposing party filed a response addressing the merits of that petition before the movant sought dismissal.

Courts look to the sequencing of filings when deciding whether to allow a movant to voluntarily withdraw a Section 2255 motion under Rule 41(a)(2). *See Aamot v. Kassel*, 1 F.3d 441, 445 (6th Cir. 1993); *Grover by Grover v. Eli Lilly and Co.*, 33 F.3d 716, 718 (6th Cir. 1994) (deciding whether to grant voluntary dismissal under Rule 41(a)(2) is within the sound discretion of the district court). Indeed, the "majority of federal district courts that have considered the issue have agreed that voluntary dismissal is available in Section 2255 proceedings" without prejudice if the movant provides the notice before a response is filed. *See, e.g., Brimite v. United States*, No. 1:05-CV-558, 2006 WL 539522, at *1 (W.D. Mich. Mar. 3, 2006) (granting Bromide's motion to voluntarily dismiss his § 2255 motion and dismissing without prejudice); *United States v. Jones*, No. 6: 14-CR-45-GFVT-REW, 2018 WL 832867 (E.D. Ky. Feb. 13, 2018) (concluding that "Jones's notice of voluntary dismissal is valid and self-effectuating" because his notice preceded any response by the government).

However, when the United States has responded in opposition to a Section 2255 motion addressing the merits, the defendant loses the ability to voluntarily dismiss. *See, e.g., Terry v.*

---

[1] Rule 12 allows application of the civil rules in § 2255 proceedings "to the extent that they are not inconsistent with" other law.

*United States*, No. 4:08-CR-17-HSM-CHS-2, 2017 WL 1843215, at *2 (E.D. Tenn. May 5, 2017); *United States v. Hamilton*, No. 3: 12-CV-1928, 2012 WL 5292880, at *2 (N.D. Ohio Oct. 25, 2012) (denying an attempt to voluntarily dismiss a fully briefed § 2255 motion "in the face of what [the petitioner] perceive[d] to be near certain defeat.").

Based on the foregoing, Gallego may not withdraw unilaterally her Section 2255 motion at this stage of the proceeding. As a result, the undersigned will address the merits of the substantive relief sought.

### Standard of Review

Only the sentencing court may entertain a Section 2255 motion filed by a person in federal custody. Further, the court may only grant relief if the sentence was "imposed in violation of the Constitution or laws of the United States, [if] . . . the court was without jurisdiction to impose such sentence, or [if] . . . the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). Section 2255 is the primary avenue for relief for federal prisoners "protesting the legality of their sentence." *United States v. Peterman*, 249 F.3d 458, 461 (6th Cir. 2001). Because Gallegos is proceeding *pro se*, the allegations in her motion must be construed in her favor, and her pleadings are held to a less stringent standard than if prepared by counsel. *See Urbina v. Thoms*, 270 F.3d 292, 295 (6th Cir. 2001).

### Discussion on the Merits

A defendant must ordinarily prove that 1) counsel's performance fell below an objective standard of reasonableness **and** that 2) counsel's ineffectiveness prejudiced her defense in a way that deprived her of a fair trial to prevail on a claim of ineffective assistance

of counsel. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Gallegos' claims fail on both fronts.

Primarily, Gallegos contends that her counsel failed to file an appeal in the matter for which she received a sentence, despite her intention to appeal it. However, the record demonstrates that Gallegos was made aware that she reserved the right to appeal any part of her sentence during her change-of-plea and sentencing hearings, with the Court providing her not only notice of her rights but ample opportunity to direct counsel to file an appeal if she so wished. [Record Nos. 142, 144] Following the sentencing hearing, her counsel filed a notice with this Court stating that the Gallegos had "waive[d] her right to appeal the final judgment entered on February 3, 2023." [Record No. 130] Then, after Gallegos filed her Section 2255 motion, counsel submitted an affidavit stating that the defendant also explicitly directed him not to file a notice of appeal days after the sentence was announced. [Record No. 146] Gallegos provides no evidence to the contrary—and no evidence to support her claim that counsel failed to carry out her wishes. In fact, Gallegos fails to offer any details regarding when or how she requested an appeal, which would give credence to the claim that counsel's performance fell below an objective standard of reasonableness.

Gallegos also contends that counsel "failed to challenge [her] role in the conspiracy" for which she ultimately pled guilty. [Record No. 137] But in a Section 2255 motion, a movant must: (1) specify all the grounds for relief available; (2) state the facts supporting each ground; and (3) state the relief requested. *Johnson v. United States*, 457 Fed. Appx. 462, 466 (6th Cir. 2012) (discussing Rule 2(b)(1)-(2), § 2255 Rules). Here, Gallegos has not identified any ground on which counsel should have attacked her role but missed the opportunity. *See Thomas v. United States*, 849 F.3d 669, 679 (6th Cir. 2017) (finding that defendant's

ineffective-assistance claim was waived where he failed to "articulate how [counsel's] actions specifically were deficient or how they specifically prejudiced the outcome of the case").

## Certificate of Appealability

The Court will issue or deny a Certificate of Appealability when it enters a final order adverse to the movant in a § 2255 proceeding. Rule 11 of the Rules Governing § 2255 Proceedings for the United States District Courts; 28 U.S.C. § 2253(C)(1)(B). A Certificate of Appealability may be issued only when the defendant has "made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To satisfy this burden, the defendant must show that reasonable jurists could debate whether the petition should have been resolved in a different way or that the issues involved were "adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 & n.4) (1983)).

Reasonable jurists would not debate the Court's conclusions here. Counsel effectively represented Gallegos during the change-of-plea and sentencing stages where the defendant was adequately made aware of her right to appeal. Days after signing the acknowledgement regarding her appellate rights, Gallegos again informed counsel that she had no intention of appealing any issue. In fact, the record demonstrates that Gallegos expressed satisfaction with her sentence following her sentencing hearing. At no point does Gallegos show that counsel disregarded or misrepresented her intentions of appealing.

Additionally, Gallegos provided no evidence to bolster her claim that counsel failed to challenge her role in the conspiracy. Gallegos may now disagree with the sentencing Court's determination, but she cannot claim with generalities that her attorney provided ineffective assistance for not challenging her role in the conspiracy for which she pled guilty. *See, e.g.,*

*United States v. Dado*, No. 09-CR-20523, 2016 WL 4698782, at *3 (E.D. Mich. Jan. 11, 2016) ("All parties, including *pro se* incarcerated persons, are obligated to develop arguments in a more than perfunctory manner, unaccompanied by some effort at developed argumentation."). Thus, no Certificate of Appealability will issue.

## Conclusion

Accordingly, it is hereby

**ORDERED** that Defendant Crystal Gallegos' motion to vacate under 28 U.S.C. § 2255 [Record No. 137] and notice of voluntary dismissal [Record No. 147] are **DENIED** with prejudice.

Dated: September 7, 2023.

Danny C. Reeves, Chief Judge
United States District Court
Eastern District of Kentucky